IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | 1:09-cv-1169-LJM-DML |
| and | ) ) | |
| JOHNNIE GARRETT, | ) ) | |
| Intervening Plaintiff, | ) ) | |
| v. | ) ) | |
| COLUMBUS HOTEL DEVELOPERS, INC., d/b/a HOLIDAY INN CONFERENCE CENTER, | ) ) ) ) | |
| Defendant. | ) | |

_____

**CONSENT DECREE**

The Equal Employment Opportunity Commission ("Commission" or "EEOC") instituted Civil Action No. 1:09-cv-1169 under the authority granted by 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a)—which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)—and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The EEOC's action was brought to correct alleged unlawful employment practices on the basis of disability.  The Defendant, Columbus Hotel Developers, Inc., d/b/a Holiday Inn Conference Center ("Holiday Inn"), expressly denies that it violated any law or regulation or committed any other wrongful act

with regard to Intervening Plaintiff Johnnie Garrett's ("Garrett") employment and his separation from employment.

The Commission, Garrett, and Holiday Inn (hereinafter collectively referred to as the "Parties"), hereby stipulate to the jurisdiction of the Court over the Parties and the subject matter.

The Parties have advised the Court that they desire to resolve Civil Action No. 1:09-cv-1169 in its entirety without the burden, expense, and delay of further litigation.

It is, therefore, the finding of the Court, based on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action, (2) implementation of this Consent Decree will advance the purposes and provisions of the ADA, and (3) this Consent Decree resolves all matters and claims in controversy in this lawsuit as provided in paragraphs 1 through 12 below.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1.By agreeing to this Consent Decree, Holiday Inn does not admit, and in fact expressly denies, that it has violated any law or regulation or committed any other wrongful act of any kind whatsoever with regard to Garrett's employment and his separation from employment.

2.Holiday Inn will comply with all provisions of the ADA.  In particular, Holiday Inn will make reasonable accommodation to the known physical or mental limitations of employees who are qualified individuals with disabilities under the ADA.

3.Holiday Inn will not retaliate or discriminate against any of its employees, former employees, or applicants for employment because the individual (a) has made a charge or opposed an unlawful employment practice under the ADA or any other law

enforced by the EEOC or (b) has assisted or participated in any manner in an investigation, proceeding, or hearing under the ADA or any other law enforced by the EEOC.

4. Holiday Inn agrees to post the Notice of Non-Discrimination Policy attached to this Consent Decree as **Appendix A** in conspicuous locations visible to applicants and employees at the Holiday Inn Conference Center in Columbus, Indiana. Said Notice shall remain posted throughout the term of this Consent Decree.

5. Holiday Inn shall pay $34,000 to Garrett or his heirs or assigns in the event of his death less applicable taxes and withholdings. Holiday Inn will not deduct from any amount the employer's share of costs, taxes, or Social Security required by law to be paid by Holiday Inn.

6. Holiday Inn shall mail copies of the checks paid pursuant to paragraph 5 and proof of delivery (signed certified mail receipts) to the Commission.

7. Holiday Inn shall provide training for all of its managers and human resources personnel who work at, or have contact with, the Holiday Inn Conference Center in Columbus, Indiana. This training shall cover what constitutes an unlawful employment practice under the ADA as amended and, in particular, the employer's obligation to provide reasonable accommodation to the known physical or mental limitations of employees who are qualified individuals with disabilities under the ADA. The training must be conducted within 120 days from the date of entry of this Consent Decree, and will be repeated approximately 12 months thereafter, with appropriate updates and revisions. No fewer than thirty days before each training, Holiday Inn shall provide notice to the Commission of the date, time, and place of the training, and shall send to the Commission a copy of the training program and all written materials, if any, to be used. The Commission may

provide reasonable input on the content of the training but shall do so no later than ten days prior to the training.

8. Holiday Inn will submit a report to the EEOC detailing compliance with this Decree within 200 days of the date of the Consent Decree. Holiday Inn will certify to the EEOC's Regional Attorney that it has complied with ¶¶ 4, 5, and 6 of this Consent Decree. In addition, Holiday Inn shall submit two (2) annual reports, the first by December 1, 2010, and the second by December 1, 2011. In each annual report, Holiday Inn shall include the following information:

   a. the dates and topics of all training programs offered to employees concerning the ADA;

   b. a copy of all written materials relied on or disseminated at the training programs;

   c. the name and position of each employee who attended the training programs;

   d. a list of employees who in the previous 12-month period have requested an accommodation for a physical or mental impairment, identified by name, title or position, date of request, accommodation requested (if specified), and the results of the request (that is, identify any accommodation provided or the reason for not providing an accommodation); and

   e. all paperwork (including notes and cost estimates) generated as a result of any request for an accommodation for a physical or mental impairment.

All reports shall be sent to the attention of Laurie A. Young, Regional Attorney, or her successor, Equal Employment Opportunity Commission, 101 West Ohio Street, Suite 1900, Indianapolis IN 46204-4239.

9. The EEOC may review compliance with this Consent Decree. As part of such review, the EEOC may inspect the premises, interview employees, and examine and copy documents.

10. In the event that the EEOC alleges that a violation of this Consent Decree has occurred, the EEOC shall give notice in writing to counsel for Holiday Inn, specifically identifying the alleged violation. Holiday Inn will have ten days in which to investigate and respond to the allegation.

11. The term of this Consent Decree shall be for two (2) years following the date of entry of the Consent Decree.

12. Each party will each bear its own costs, expenses, and attorney's fees incurred in this action except as otherwise specifically provided.

13. The Court will retain jurisdiction of this cause for three years for the purposes of monitoring compliance with the Decree and entry of such further orders or modifications as may be appropriate.

SO ORDERED.

Date: 03/01/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

**DISTRIBUTION TO:**

    Kenneth L. Bird
    Kenneth.Bird@EEOC.gov

    Michael Thomasson
    Sean G. Thomasson
    mike@thomassonlaw.com
    sean@thomassonlaw.com

    Ryan M. Poor
    Paul C. Sweeney
    Ryan.Poor@icemiller.com
    Paul.Sweeney@icemiller.com

# APPENDIX A

# TO

# CONSENT DECREE

# EMPLOYEE NOTICE

## Posted Pursuant to an Agreement Resolving a Charge of Employment Discrimination filed with the

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Indianapolis District Office

This Notice is being distributed and posted by agreement between Columbus Hotel Developers, Inc., d/b/a Holiday Inn Conference Center ("Holiday Inn") and the United States Equal Employment Opportunity Commission, resolving Civil Action No. 1:09-cv-1169 in the United States District Court for the Southern District of Indiana.

Federal law prohibits discrimination against any employee, former employee, or job applicant because of the individual's sex, race, color, religion, national origin, disability, genetic information, or age (over 40).

Federal law also prohibits retaliation of any kind against any person who has opposed any practice made unlawful under federal law or because an individual has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

Holiday Inn supports and will comply with federal law in all respects and will not take any actions against employees because they have exercised their rights under the law. Holiday Inn will make reasonable accommodation for the known physical or mental impairments of qualified individuals with disabilities, will conduct a training program on the Americans with Disabilities Act of 1990, as amended, and will not retaliate against an individual who files a charge of discrimination.

If you have any complaint of discrimination, you may contact the EEOC at the address or telephone number given below. An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact the U. S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

Questions concerning this notice may be addressed to:

Equal Employment Opportunity Commission
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204-4239
Telephone (317) 226-7212
TTY (317) 226-5162

**APPENDIX A**

I/2445332.1